John A. Mayers, Esq./CSB #149149
Tina M. Pivonka, Esq./CSB #090268
MULVANEY, KAHAN & BARRY
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone:  619 238-1010
Facsimile:  619 238-1981

Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN CROOKER,<br><br>       Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT,<br><br>       Defendant. | CASE NO.  08 CV 1351 DMS RBB<br><br>DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendant MIDLAND CREDIT MANAGEMENT, INC., erroneously sued as MIDLAND CREDIT MANAGEMENT ("Defendant"), answers the Complaint filed in this action by Plaintiff Michael Alan Crooker as follows:

1.   Answering Paragraph 1, Defendant admits that Plaintiff alleges that this is an action for damages brought by an individual against defendants pursuant to 15 U.S.C. § 1692, *et. seq.* and California Civil Code § 1788, *et. seq.*  Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation contained in Paragraph 1.

2.   Answering Paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies generally and specifically each and each and every allegation contained in Paragraph 2.

///

3. Answering Paragraph 3, Defendant admits that it has acted as a "debt collector" as defined by 15 U.S.C. § 1692 (a)(6) and that its principal place of business is 8875 Aero Drive, Suite 200, San Diego, California 92123. Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation contained in Paragraph 3.

4. Answering Paragraph 4, Defendant denies generally and specifically each and each and every allegation contained in Paragraph 4.

5. Answering Paragraph 5, Defendant denies generally and specifically each and each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendant denies generally and specifically each and each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7, Defendant denies generally and specifically each and each and every allegation contained in Paragraph 7.

8. Answering Paragraph 8, Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint, and each purported cause of action therein, fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitations and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful or knowing and should not give rise to liability.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant..

### SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all Defendants and/or responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be

reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was cased by intervening or supervening events over which Defendant had or has no control.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damages as a result of any alleged act or omission of Defendant, which Defendant expressly denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (No Malice, Fraud or Oppression)

Any statements or communications made by defendant concerning Plaintiff and the delinquent account were made without malice, fraud or oppression.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Particularity)

Plaintiff failed to set forth his claims with sufficient particularity to permit Defendant to raise all affirmative defenses and, for this reason, Defendant reserves the right to raise any and all other affirmative defenses as the factual basis for Plaintiff's claims becomes known.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant is unaware of any additional affirmative defenses that it might have at this time. Accordingly, Defendant expressly reserves the right to plead additional

affirmative defenses which further legal analysis, investigation, or discovery may reveal.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's claims be dismissed in their entirety as to Defendant;

2. That each and every prayer for relief contained in Plaintiff's Complaint be denied as to Defendant;

3. That judgment be entered in favor of Defendant;

4. That all costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and;

5. For such other and further relief as the court deems just and proper.

DATED: July 28, 2008        MULVANEY, KAHAN & BARRY

　　　　　　　　　　　　　　　　　　　　s/ Tina M. Pivonka
　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　John A. Mayers
　　　　　　　　　　　　　　　　　　　　Tina M. Pivonka
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant MIDLAND CREDIT
　　　　　　　　　　　　　　　　　　　　MANAGEMENT, INC., a corporation

## DEMAND FOR JURY

Defendant MIDLAND CREDIT MANAGEMENT, INC. hereby demands a jury trial in this matter.

DATED: July 28, 2008        MULVANEY, KAHAN & BARRY

　　　　　　　　　　　　　　　　　　　　s/ Tina M. Pivonka
　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　John A. Mayers
　　　　　　　　　　　　　　　　　　　　Tina M. Pivonka
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant MIDLAND CREDIT
　　　　　　　　　　　　　　　　　　　　MANAGEMENT, INC., a corporation

MCMI.106.190209.1

MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (Abbreviated)<br>Crooker v. Midland Credit Management | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Tina M. Pivonka, Esq.<br>**MULVANEY, KAHAN & BARRY**<br>401 West A Street, 17th Floor<br>San Diego, CA 92101-7994 | TELEPHONE<br>619 238-1010<br><br>FAX<br>619-238-1010 | |
| ATTORNEY(S) FOR:<br>Midland Credit Management, Inc. | HEARING DATE-TIME-DEPT | CASE NUMBER<br>08 CV 1351 DMS RBB |

## DECLARATION OF SERVICE BY MAIL

I, Jere Conley, declare that: I am over the age of eighteen years and not a party to the action; I am employed in the County of San Diego, California, within which county the subject mailing occurred; my business address is 401 West "A" Street, San Diego, California, 92101-7994; I am familiar with Mulvaney, Kahan & Barry's practice for collection and processing correspondence for mailing with the United States Postal Service pursuant to which practice all correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I served the following documents:

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

by placing a true copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Michael Crooker                                      *Plaintiff in pro se*
Prisoner No. 03631-158
Federal Correctional Institution - 1
PO Box 5300
Adelanto, CA 92301

I then sealed each envelope and placed each for collection and mailing on July 28, 2008, following ordinary business practices.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on July 28, 2008 at San Diego, California.

_____
JERE CONLEY

1

## DECLARATION OF SERVICE BY MAIL

MCMI.106.190420.1