John A. Mayers, Esq./CSB #149149
Tina M. Pivonka, Esq./CSB #090268
MULVANEY, KAHAN & BARRY
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Facsimile: 619 238-1981

Attorneys for Defendant MIDLAND CREDIT
MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL ALAN CROOKER, | CASE NO. 08 CV 1351 DMS RBB |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S EX PARTE APPLICATION TO CONTINUE ENE SET ON AUGUST 29, 2008 |
| MIDLAND CREDIT MANAGEMENT, | |
| Defendant. | DATE: August 28, 2008<br>TIME: N/A<br>CTRM: Mag. Ruben B. Brooks |

Defendant MIDLAND CREDIT MANAGEMENT, INC., erroneously sued as MIDLAND CREDIT MANAGEMENT ("Midland"), by and through its counsel of record, John A. Mayers, Esq. of Mulvaney, Kahan & Barry, hereby submits the following Ex Parte Application to Continue the Early Neutral Evaluation Conference currently set on August 29, 2008.

I.

**INTRODUCTION**

Plaintiff originally filed this action in the San Diego Superior Court. The Complaint alleges violations of 15 U.S.C. Sections 1692c(b), 1692c(a)(1), 1692d(5),

1

1692d(6), and 1692e(4) (the Fair Debt Collection Practices Act). Midland removed the action to federal court and Plaintiff's Motion to Remand followed. The hearing on the Motion for Remand is set on October 3, 2008.

On August 28, 2008, Midland filed its Motion for Judgment on the Pleadings on the grounds (1) the Complaint does not allege conduct directed to Plaintiff and, thus, fails to state a claim upon which relief may be granted, and (2) Plaintiff filed a similar claim in Massachusetts earlier this year which was dismissed and, thus, is barred by the doctrine of res judicata. The hearing on the Motion for Judgment on the Pleadings is also set on October 3, 2008. (A copy of the Memorandum of Points and Authorities is attached.)

## II.

## REQUESTED RELIEF

Midland contends Plaintiff's action is frivolous and specious and believes the entire action will be dismissed with prejudice based on the pending Motion for Judgment on the Pleadings. Midland does not wish to set a precedent by settling frivolous and specious cases without first bringing its motion to dismiss/judgment on the pleadings. Midland requests that it not be required to participate in settlement discussions or begin discovery until the dispositive motion is heard. Accordingly, Midland respectfully requests that the Early Neutral Evaluation Conference be continued to a date after October 3, 2008.

DATED: August 28, 2008

MULVANEY, KAHAN & BARRY

By:
John A. Mayers
Tina M. Pivonka
Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC., a corporation

MCMI.106.191751.1

2

John A. Mayers, Esq./CSB #149149
Tina M. Pivonka, Esq./CSB #090268
MULVANEY, KAHAN & BARRY
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Facsimile: 619 238-1981

Attorneys for Defendant MIDLAND CREDIT
MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN CROOKER,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT,<br><br>Defendant. | CASE NO. 08-CV-1351-DMS-RBB<br><br>DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:   October 3, 2008<br>Time:   1:30 p.m.<br>Ctrm:   10 (Judge Sabraw) |

Defendant MIDLAND CREDIT MANAGEMENT, INC., erroneously sued as MIDLAND CREDIT MANAGEMENT ("Midland"), respectfully submits the following Memorandum of Points and Authorities in Support of its Motion for Judgment on the Pleadings.

I.

**INTRODUCTION**

Plaintiff originally filed this action in the San Diego Superior Court on May 5, 2008. The Complaint contains nine paragraphs specifically alleging violations of 15 U.S.C. Sections 1692c(b), 1692c(a)(1), 1692d(5), 1692d(6), and 1692e(4) (the Fair Debt Collection Practices Act ("FDCPA")). Midland removed the action to federal court and Plaintiff's Motion to Remand is also set for hearing on October 3, 2008.

///

1

A copy of the Complaint is attached as Exhibit "A" for the Court's convenience. It alleges Plaintiff is incarcerated in Victorville, California, and that Midland is a debt collector as defined in 15 U.S.C. Section 1692a(6) (the Fair Debt Collection Practices Act ("FDCPA"). [Complaint, paras. 2 and 3.] Plaintiff alleges Midland purchased consumer debts of the Plaintiff which had become delinquent due to his incarceration. [para. 4.] Plaintiff alleges Midland "engaged in an abusive pattern of sending many demand letters to plaintiff at the addresses of his relatives and family members, telephoning during unusual hours of the daytime and nighttime and continuing to make contacts even though they were informed that plaintiff is in federal custody." [para.5.] Further, Midland allegedly "threatened the plaintiff that if the debts were not paid that plaintiff would be charged with credit fraud and his detention would be lengthened. [para.6.] Plaintiff seeks an award of $100,000 in compensatory damages, attorneys' fees, and costs. [para. 8.]

The Complaint fails to state a claim upon which relief may be granted. Plaintiff fails to assert any conduct on the part of Midland directed at Plaintiff. Accordingly, the entire Complaint is subject to dismissal.[1]

In addition, Plaintiff raised the exact same issues in another case filed in the District Court of Massachusetts which was dismissed on the same grounds on April 8, 2008. Thus, this action must be dismissed, with prejudice, on the basis of res judicata.

II.

## A MOTION FOR JUDGMENT ON THE PLEADINGS MAY BE BROUGHT AT ANY TIME AFTER THE CASE IS AT ISSUE.

A motion for judgment on the pleadings may be brought at any time in the action after the defendant's answer within such time as not to delay the trial. Federal Rules of Civil Procedure, Rule 12(c). A Rule 12(c) motion may raise the same defenses

---

[1] To the extent paragraph 6 is interpreted to allege conduct directed to Plaintiff, the allegation is fatally unclear and must be amended to state when such a threat was made, in what form (written or by telephone), and to whom it was directed. If it was directed to Plaintiff's relatives, Plaintiff has no standing to bring this action.

1  enumerated in Rule 12(b), including the failure to state a claim for relief under Federal
2  Rules of Civil Procedure, Rule 12(b)(6). Capital Partners Int'l Ventures, Inc. v. Danzas
3  Corp., 309 F.Supp.2d 1138 (D.C. Cal. 2004).

### III.
### PLAINTIFF LACKS STANDING TO BRING THE ALLEGED CLAIMS.

6  In deciding a motion to dismiss/motion for judgment on the pleadings under Rule 12(b)(6), the complaint should be read with "great generosity." Bentley v. Northshore Development, Inc., 935 F.Supp. 500, 502 (D. Vt. 1996) (citations omitted). "Thus, while bald assertions and conclusions of law will not suffice to state a claim, the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in [the] complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." Tarshis v. The Riese Organization, 211 F.3d 30, 35 (2nd Cir. 2000). "Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Laborers Local 17 Health and Benefit Fund v. Phillip Morris, Inc., 191 F.3d 229, 234 (2nd Cir. 1999), citing, Hishon v. King & Spaulding 467 U.S. 69 (1984). See also Smilecare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1994). As will be shown below, because Plaintiff lacks standing to bring this claim, the Complaint must be dismissed.

20  The issue of standing is a threshold question in every federal case. Its purpose is to determine whether the case is justiciable. Warth v. Seldin, 422 U.S. 490, 498, 45 L.Ed. 2d 343, 95 S.Ct. 2197 (1975). When reviewing a motion to dismiss for lack of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501. If, after considering the record before the Court, "the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Id. at 501-02. Here, Plaintiff lacks standing because he fails to allege any conduct of the Defendant directed at the Plaintiff.

28  ///

3

1    The FDCPA "prohibits 'debt collector[s]' from making false or misleading
2 representations and from engaging in various abusive and unfair practices." Heintz v.
3 Jenkins, 514 U.S. 291, 292, 131 L.Ed. 2d 395, 115 S.Ct. 1489 (1995). The express
4 statutory language renders a debt collector liable to "any person" for failures to comply with
5 the any provision of the FDCPA; it does not limit causes of actions to those brought by a
6 "consumer," *so long as the alleged conduct was directed at the plaintiff.* See Muir v. Navy
7 Federal Credit Union, 366 F. Supp. 2d 1, 1 (D.D.C. 2005) ("An individual who is not
8 subjected to the practices of a debt collector does not fall within the zone of interests
9 intended to be protected by the statute."); Dewey v. Assoc. Collectors, Inc., 927 F.Supp
10 1172, 1174 (W.D. Wis. 1996) (Congress "did not intend to provide damages to those who
11 did not experience any abusive behavior").

12   In Muir v. Navy Federal Credit Union, the court stated that "'[t]o establish the
13 irreducible constitutional minimum of standing,' the plaintiff must demonstrate that there
14 was an injury-in-fact that is fairly traceable to the challenged conduct and that the injury can
15 be redressed by a favorable decision by the Court." Muir v. Navy Federal Credit Union,
16 366 F. Supp. 2d 1, 1 (D.D.C. 2005) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,
17 560-61 (1992)). The court held that the plaintiff-debtor did not suffer an injury-in-fact when
18 the defendant's communications were directed solely to the bank and the plaintiff's father,
19 and there were no allegations that the defendant made any direct contact with the plaintiff.
20 Id. at 3-4.

21   Similarly here, the Plaintiff, through the debtor, did not experience any of the alleged
22 abusive behavior set forth in his Complaint. Rather, the conduct alleged in the Complaint is
23 solely directed at "the Plaintiff's family members." Not once does the Plaintiff allege that he
24 personally experienced any of the alleged conduct and he is not suing on behalf of his
25 family members, nor could he. The Plaintiff was not subjected to the alleged practices of a
26 debt collector; therefore, he has suffered no injury and has no standing to bring a claim on
27 his behalf under the FDCPA.
28

4

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

IV.

## PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

Plaintiff asserted the same claims in a Complaint filed in the Suffolk Superior Court which was subsequently removed to the Massachusetts District Court on February 6, 2008. Based on Midland's Motion to Dismiss the Complaint, the District Court dismissed the action on April 8, 2008, on the grounds Plaintiff had no standing since the alleged conduct was not directed to him personally.[2] Judgment was entered in favor of Midland on April 8, 2008.

The doctrine of res judicata bars Plaintiff from asserting the same claims in this action. See Guzowsky v. Hartman, 969 F.2d 211, 216-218 (6th Cir. 1992), cert. denied, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132. "If the . . . dismissal was a holding . . . that plaintiffs could in no case state in their complaint facts sufficient to constitute a cause of action, such dismissal would be a judgment on the merits and res judicata. . . ." Thomas v. Consolidation Coal Co., 380 F.2d 69, 80 (4th Cir. 1967), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599.

As stated in Federal Practice and Procedure (Wright, Miller, Cooper) Section 4439, p. 191-192:

> The abstract justification for preclusion is equally strong when dismissal of the first action rested not on a pleading failure but on the substance of the claim presented. If it has been ruled, for example, that the applicable law does not protect against unintentional infliction of mental suffering, a second action should not be permitted to reopen the very same claim even on an improved complaint. So too, if the first action was dismissed because the complaint showed a valid defense on its face, a

---

[2] A copy of the PACER docket is attached to the Request for Judicial Notice as Exhibit "A." The Court did not issue a separate Order, the docket reflects the Court's Order granting the Motion to Dismiss with the notation: "This ruling does not, of course impact the ability of any of the present plaintiff's family members from bringing a like action in their own names and on their own behalf." Attached as Exhibit "B" to the Request for Judicial Notice is a copy of the Judgment of Dismissal. Finally, a poor, but readable, copy of Plaintiff's Complaint in that action is attached to the Request for Judicial Notice as Exhibit "C."

1    second action should not be permitted simply because the complaint has been
2    redrafted to omit any reference to the defense.

3  Citing Thomas, supra, Randles v. Gregart, 965 F.2d 90, 93 (6th Cir. 1992); Rhodes v.
4  Meyer, 334 F.2d 709, 716 (8th Cir. 1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13
5  L.Ed.2d 186.

6    The Complaint in this action alleges the same conduct alleged in the Massachusetts
7  District Court action. The Massachusetts court determined Plaintiff did not allege conduct
8  directed at him personally and, thus, could not state a claim for relief under the FTCPA. As
9  set forth in the cases cited above, his attempt at a second bite at the apple fails even if the
10 Complaint differs somewhat in its second iteration.

11   Plaintiff had his day in court on the issues alleged in this action, judgment was
12 entered against him, and he is barred by the doctrine of res judicata from reasserting those
13 claims again. The Complaint should be dismissed with prejudice.

V.

## CONCLUSION

For the reasons stated above, Midland respectfully requests that the Court dismiss the Complaint with prejudice. In the alternative Midland requests that the Court grant this motion with leave to amend, requiring Plaintiff to plead facts showing Midland's conduct was directed to Plaintiff.

DATED: August 28, 2008

MULVANEY, KAHAN & BARRY

By: _____
John A. Mayers
Tina M. Pivonka
Attorneys for Defendant MIDLAND CREDIT
MANAGEMENT, INC., a corporation

MCMI.106.191431.1