1
2
3
4
5
6
7
8                    UNITED  STATES  DISTRICT  COURT

9                  SOUTHERN  DISTRICT  OF  CALIFORNIA

10

11  MICHAEL  ALAN  CROOKER,           )   Civil  No.  08CV1351  DMS(RBB)
                                      )
12                    Plaintiff,      )   CASE  MANAGEMENT  CONFERENCE
                                      )   ORDER  REGULATING  DISCOVERY  AND
13  v.                                )   OTHER  PRETRIAL  PROCEEDINGS
                                      )
14  MIDLAND  CREDIT  MANAGEMENT,      )   (Rule  16,  Fed.R.Civ.P.)
                                      )   (Local  Rule  16.1)
15                    Defendant.      )
    ──────────────────────────────────)
16

17  Pursuant  to  rule  16  of  the  Federal  Rules  of  Civil  Procedure,  a

18  case  management  conference  was  held  on  August  29,  2008.   After

19  consulting  with  the  attorneys  of  record  for  the  parties  and  being

20  advised  of  the  status  of  the  case,  and  good  cause  appearing,

21       IT  IS  HEREBY  ORDERED:

22       1.   All  discovery  shall  be  completed  by  all  parties  on  or

23  before  May  4,  2009.   All  motions  for  discovery  shall  be  filed  no

24  later  than  thirty  (30)  days  following  the  date  upon  which  the  event

25  giving  rise  to  the  discovery  dispute  occurred.   For  oral  discovery,

26  the  event  giving  rise  to  the  discovery  dispute  is  the  completion  of

27  the  transcript  of  the  affected  portion  of  the  deposition.   For

28  written  discovery,  the  event  giving  rise  to  the  discovery  dispute

1 is the service of the response.  All interrogatories and document

2 production requests must be served by <u>March 4, 2009</u>.

3     2.   Plaintiff(s) shall serve on all other parties a list of

4 expert witnesses whom Plaintiff(s) expect(s) to call at trial by

5 <u>March 4, 2009</u>.  Defendant(s) shall serve on Plaintiff(s) a list of

6 expert witnesses Defendant(s) expect(s) to call at trial by <u>April</u>

7 <u>3, 2009</u>.  Each party may supplement its designation in response to

8 the other party's designation no later than <u>April 17, 2009</u>.  The

9 parties must identify any person who may be used to present

10 evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of

11 Evidence.  This requirement is not limited to retained experts.

12 The designation(s) shall comply with rule 26(a)(2) of the Federal

13 Rules of Civil Procedure and be accompanied by a written report

14 prepared and signed by each witness, including in-house or other

15 witnesses providing expert testimony.  The failure to fully comply

16 with these requirements may result in the exclusion of expert

17 testimony.  A written report is not required from a witness giving

18 testimony as a percipient expert.

19     3.   Any motion to join other parties, to amend the pleadings

20 or to file additional pleadings shall be filed and heard on or

21 before <u>February 4, 2009</u>.

22     4.   All other pretrial motions must be filed on or before

23 <u>June 5, 2009</u>.  Please be advised that counsel for the moving party

24 must obtain a motion hearing date from the law clerk of the judge

25 who will hear the motion.  **Be further advised that the period of**

26 **time between the date you request a motion date and the hearing**

27 **date may vary from one district judge to another.  Please plan**

28 **accordingly**.  For example, you should contact the judge's law clerk

08CV1351DMS(RBB)

in advance of the motion cutoff to calendar the motion.  Failure to timely request a motion date may result in the motion not being heard.

Questions regarding this case should be directed to the judge's law clerk.  The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>.  Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

5.    Further settlement conferences shall be held at appropriate intervals during the course of the litigation in the chambers of Judge Ruben B. Brooks.  A further settlement conference and order to show cause hearing shall be held on <u>March 4, 2009, at 8:30 a.m.</u>  A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to

1    negotiate and enter into a settlement.  Failure to attend or obtain

2    proper excuse will be considered grounds for sanctions.

3        If Plaintiff is incarcerated in a penal institution or other

4    facility, the Plaintiff's presence is not required at conferences

5    before Judge Brooks, and the Plaintiff may participate by

6    telephone.  In that case, defense counsel is to coordinate the

7    Plaintiff's appearance by telephone.

8        **Confidential written settlement statements for the mandatory**

9    **settlement conference shall be lodged directly in the chambers of**

10   **Judge Brooks no later than  (five court days before the mandatory**

11   **settlement conference).**  The statements need not be filed with the

12   Clerk of the Court or served on opposing counsel.  The statements

13   will not become part of the court file and will be returned at the

14   end of the conference upon request.  Written statements may be

15   lodged with Judge Brooks either by mail or in person.

16       Any statement submitted should avoid arguing the case.

17   Instead, the statement should include a neutral factual statement

18   of the case, identify controlling legal issues, and concisely set

19   out issues of liability and damages, including any settlement

20   demands and offers to date and address special and general damages

21   where applicable.

22       If appropriate, the Court will consider the use of other

23   alternative dispute resolution techniques.

24       6.   Counsel shall serve on each other and file with the Clerk

25   of the Court their memoranda of contentions of fact and law in

26   compliance with Local Rule 16.1(f)(2) on or before September 24,

27   2009.  On or before this date, all parties or their counsel shall

28

4

1  also fully comply with the pretrial disclosure requirements of rule
2  26(a)(3) of the Federal Rules of Civil Procedure.

3      7.   Counsel shall confer and take the action required by
4  Local Rule 16.1(f)(4) on or before <u>September 29, 2009</u>.  The parties
5  shall meet and confer and prepare a proposed pretrial order.  A
6  personal meeting between an incarcerated Plaintiff, acting in <u>pro</u>
7  <u>per</u>, and defense counsel is not required.

8      At this meeting, counsel shall discuss and attempt to enter
9  into stipulations and agreements resulting in simplification of the
10 triable issues.  Counsel shall exchange copies and/or display all
11 exhibits other than those to be used for impeachment, lists of
12 witnesses and their addresses including experts who will be called
13 to testify and written contentions of applicable facts and law.
14 The exhibits shall be prepared in accordance with Local Rule
15 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the
16 proposed final pretrial conference order.

17     8.   The proposed final pretrial conference order, including
18 objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial
19 disclosures, shall be prepared, served and lodged with the Clerk of
20 the Court on or before <u>October 2, 2009,</u> and shall be in the form
21 prescribed in and in compliance with Local Rule 16.1(f)(6).
22 Counsel shall also bring a court copy of the pretrial order to the
23 pretrial conference.

24     9.   The final pretrial conference shall be held before the
25 Honorable <u>Dana M. Sabraw</u>, United States District Judge, on <u>October</u>
26 <u>9, 2009, at 10:30 a.m.</u>  Trial shall begin on <u>November 2, 2009, at</u>
27 <u>9:00 a.m.</u>

28

08CV1351DMS(RBB)

1        10.    The dates and times set forth herein will not be modified

2   except for good cause shown.

3        11.    Plaintiff's(s') counsel shall serve a copy of this order

4   on all parties that enter this case hereafter.

5

6   Dated: August 29, 2008

    RUBEN B. BROOKS
7                                       United States Magistrate Judge

8

9   cc:    All Parties of Record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CASE RESOLUTION GUIDELINES

## Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

## Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.